UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. MALONE,

    Petitioner,

    v.                                                           Case No. 05-C-1186

CATHERINE FARREY, Warden,
New Lisbon Correctional Institution

    Respondent.

**DECISION AND ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS**

## I. PROCEDURAL BACKGROUND

On November 14, 2005, the petitioner, Michael J. Malone ("Malone"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his confinement at the New Lisbon Correctional Institution, where the respondent, Catherine Farrey ("Farrey"), is warden. Malone's confinement is the result of his having plead guilty on May 29, 2002, in the Milwaukee County Circuit Court, to three counts of armed robbery, in violation of Wis. Stat. § 943.32(2), and one count of false imprisonment, in violation of Wis. Stat. § 940.30. On July 30, 2002 Malone was sentenced to a term of thirteen (13) years confinement and seventeen (17) years extended supervision.

On October 24, 2003, Malone filed a motion to reduce his sentence, citing the passage of the Truth-in-Sentencing-II ("TIS-II") legislation, which reduced the maximum term of confinement for armed robbery, as grounds for sentence modification. The Milwaukee County Circuit Court denied his motion on October 27, 2003 on the ground that sentence modification is appropriate only when

a "new factor" exists, that is, a fact or set of facts highly relevant to the imposition of sentence but not known to the trial judge at the time of the original sentencing. Malone appealed, and the Wisconsin Court of Appeals affirmed on October 8, 2004, adopting the decision of the circuit court. Thereafter, on June 1, 2005, the Wisconsin Supreme Court denied Malone's petition for review.

In support of his claim for federal habeas corpus relief, Malone claims that the state court's refusal to re-sentence him under TIS-II violates the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment, as well as the Eighth Amendment.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") significantly constrains any federal court's review of a state court conviction. *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003). Federal courts may issue a writ of habeas corpus for a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, federal courts may not grant habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law as determined by the Supreme Court if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially

2

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision results in an "unreasonable application" of clearly established federal law when the state court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 407; *see also Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004). Moreover, "[a] rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000).

Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

However, the restricted scope of review prescribed by AEDPA applies only to federal constitutional claims which were presented to the state court and were adjudicated on the merits by the state court. 28 U.S.C. § 2254(d); *Braun v. Powell*, 227 F.3d 908, 916 (7th Cir. 2000). It is therefore necessary to determine what "adjudication on the merits" means in the context of AEDPA. In *Muth v. Frank*, 412 F.3d 808, 815 (7th Cir. 2005), the Seventh Circuit Court of Appeals discussed what "adjudication on the merits" means for the purposes of § 2254(d), holding that "adjudication on the merits" does not require "a well-articulated or even a correct decision by a state court." Rather, "adjudication on the merits" requires "a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Id*. (internal quotations omitted).

Thus, the court must first determine whether Malone fairly presented his constitutional claims to the state court, and whether the state court decision was an adjudication on the merits for the purposes of 28 U.S.C. § 2254(d). Turning to the facts of this case, the Milwaukee County Circuit Court addressed Malone's contention as follows:

> A person has the right to ask the court to modify his or her sentence within 90 days of conviction and sentencing. After that time, a motion may only be predicated on the existence of a new factor. A "new factor" is a fact or set of facts highly relevant to the imposition of sentence but not known to the trial judge at the time of original sentencing. State v. Hegwood, 113 Wis.2d 544, 546 (1983). . . . [Malone] contends that modification is warranted on the basis that the classification of the offenses for which he was convicted has changed with the passage of Act 109 (2001). In Hegwood, *supra*, the Supreme Court of Wisconsin held that a reduction in the maximum penalty for an offense does not constitute a "new factor" and is therefore not a proper basis for modification of a sentence. Id. at 548. The court finds that the principle set forth in Hegwood applies here and that the reduction of the maximum penalty for these offenses under the new truth-in-sentencing guidelines is not a new factor for purposes of modification.

(Answer, Ex. C at 1-2.)

In his brief submitted to the Wisconsin Court of Appeals, Malone argued that the circuit court's refusal to re-sentence him under TIS-II violated the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment. (Answer, Ex. D at 20-25.) Hence, Malone's constitutional claims were fairly presented to the state court. On appeal, the Wisconsin Court of Appeals adopted the decision of the circuit court denying Malone re-sentencing. Although the circuit court decision adopted by the Wisconsin Court of Appeals did not directly address the constitutional issues, its decision was indeed an "adjudication on the merits" as it was clearly a "decision finally resolving the parties' claims, with *res judicata* effect," and was "based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Muth*, 412 F.3d at 815. Thus, Malone's constitutional claims were fairly presented to, and were "adjudicated on the

merits" by the Wisconsin Court of Appeals. Consequently, the provisions of 28 U.S.C. § 2254 apply to Malone's habeas corpus petition.

### III. DISCUSSION

Malone's sole claim is that the state court's refusal to re-sentence him under TIS-II violates the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, as well as the Eighth Amendment. Malone also urges the court to apply the rule of lenity to his case. The court will address each argument in turn.

<u>Equal Protection</u>

Malone asserts that the state court's refusal to re-sentence him under TIS-II violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. (Pet'r's Br. at 5.) However, when a person has been convicted of a crime beyond a reasonable doubt, a claim based on due process is duplicative of a claim based on equal protection. *Chapman v. United States*, 500 U.S. 453, 465 (1991). Accordingly, this court will address Malone's claim as one of equal protection.

Malone's first argument is that TIS-II should be applied retroactively. (Pet'r's Br. at 8.) Before addressing the merits of this argument, however, it is necessary to provide a brief overview of Wisconsin's Truth-in-Sentencing legislation.

Wisconsin enacted a determinate sentencing scheme with the passage of its Truth-in-Sentencing ("TIS") legislation. The TIS legislation, however, was passed in two phases. The first phase, known as Truth-in-Sentencing-I ("TIS-I"), was passed in 1998 and applies to offenses committed on or after December 31, 1999. *See* 1997 Wis. Act 283. One of the main features of the TIS legislation was the bifurcated sentence structure. TIS-I required the circuit judge to impose a bifurcated sentence consisting of "a term of confinement in prison followed by a term of extended

5

supervision" whenever the judge sentenced a person to "imprisonment in the Wisconsin state prisons for a felony committed on or after December 31, 1999." Wis Stat. § 973.01(1) (1999-2000). The second phase, known as Truth-in-Sentencing-II, was passed in July of 2002 and applies to offenses committed on or after February 1, 2003. 2001 Wis. Act 109 § 9459. TIS-II left intact the bifurcated sentence structure, but replaced the TIS-I six-category system of classifying felonies with a nine category system, and also reduced the maximum terms of confinement for many felonies. *State v. Stenklyft,* 281 Wis. 2d 484, 500-01; 697 N.W.2d 769, 777 (2005); *State v. Trujillo*, 279 Wis. 2d 712, 719; 694 N.W.2d 933, 937 (2005). As a result of the incremental passage of the TIS legislation, persons sentenced under TIS-II generally serve shorter sentences than persons sentenced for the same crimes under TIS-I. *Stenklyft*, 281 Wis. 2d at 501; 697 N.W.2d at 777. Under TIS-I, armed robbery was classified as a Class B felony subject to a maximum term of imprisonment of sixty (60) years, and false imprisonment was classified as a Class E felony subject to a maximum term of imprisonment of five (5) years. Wis. Stat. §§ 943.32(2), 940.30, 939.50(2) (2001). Under TIS-II, armed robbery was reclassified as a Class C felony subject to a maximum term of imprisonment of forty (40) years, while false imprisonment was reclassified as a Class H felony subject to a maximum term of imprisonment of six (6) years. Wis. Stat. §§ 943.32(2), 940.30, 939.50(2) (2005).

"[A] statute will be presumed to operate prospectively, only, and will not be construed to have retroactive operation unless the language employed is so clear that it will admit of no other construction." *Illinois ex rel. Cusick v. Whipp*, 73 F.2d 254, 255 (7th Cir. 1934). In the case of TIS-II, the legislative intent is clear: the TIS-II sentencing scheme applies only to crimes committed on or after February 1, 2003. 2001 Wis. Act 109 § 9459. It is therefore clear that TIS-II is not to have retroactive operation, but only prospective operation.

Indeed, legislatures are not required to make criminal penalty reductions retroactive. The Supreme Court has held that "the [Fourteenth] Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time." *Sperry & Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505 (1911). Furthermore, "[s]tates are certainly free to amend their sentencing laws and, having done so, they are not required to apply them retroactively to persons who have been validly sentenced under the law as it previously existed." *United States ex rel. Scott v. Illinois Parole & Pardon Bd.*, 669 F.2d 1185, 1192 (7th Cir. 1982), *overruled on other grounds by Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025 (7th Cir. 1998).

For example, in *Illinois ex rel. Cusick v. Whipp*, an Illinois defendant was convicted of armed robbery and received a ten year sentence, the minimum sentence for armed robbery in Illinois at the time of his conviction. 73 F.2d at 254. Subsequently, the prisoner filed a habeas corpus petition when Illinois reduced the minimum sentence for armed robbery from 10 years to 1 year. *Id.* However, the court held that because the reduction in the minimum sentence was prospective only, the prisoner was not entitled to a writ of habeas corpus. *Id.* at 255.

Similarly, because TIS-II is prospective and applies only to offenses committed on or after February 1, 2003, and because Malone committed his criminal offenses on March 28, 2002, Malone was properly sentenced pursuant to TIS-I. Accordingly, Malone is not entitled to habeas corpus relief on his argument that TIS-II should be applied retroactively.

Malone's next argument is that by passing the TIS legislation in two phases, Wisconsin created two distinct classes of criminals, who were sentenced differently based solely upon whether

7

they were sentenced under TIS-I or TIS-II. (Pet'r's Br. at 9.) Malone argues that this distinction burdens his fundamental right to be free from "arbitrary and discriminatory punishment," and urges this court to apply a more stringent standard of review than the rational basis standard. (Pet'r's Br. at 10.)

However, unless a distinction involves a "suspect class" of persons or burdens a "fundamental" constitutional right, the state can legitimately create distinctions so long as they are drawn "in such a manner as to bear some rational relationship to a legitimate state end." *Clements v. Fashing*, 457 U.S. 957, 963 (1982). Here, Malone's punishment is neither discriminatory nor arbitrary. The distinction created by the incremental passage of the Wisconsin TIS legislation does not burden a "fundamental" constitutional right because the government can subject a defendant convicted beyond a reasonable doubt to "whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual." *Chapman*, 500 U.S. at 465. Furthermore, the two classes created by the TIS legislature are not "suspect," in that they do not involve race, gender, or other questionable characteristics of the persons in the class. Thus, because the distinction does not involve a "suspect class" and does not burden a "fundamental" constitutional right, the rational basis standard of review is appropriate. *Clements*, 457 U.S. at 963.

Under the rational basis standard of review, the legislature's decision not to make the TIS-II changes retroactive does not violate the Equal Protection Clause. The State of Wisconsin had a legitimate state interest: improving the sentencing scheme. *Foster v. Washington State Bd. of Prison Terms & Parole*, 878 F.2d 1233, 1235 (9th Cir. 1989) (citing *Mistretta v. United States*, 488 U.S. 361 (1989)). Furthermore, "'[l]egislatures are permitted to correct a problem incrementally even though by doing so they create arbitrary distinctions until correction is complete.'" *Turner v. Glickman*, 207

8

F.3d 419, 426 (7th Cir. 2000) (quoting *Milner v. Apfel*, 148 F.3d 812, 814 (7th Cir. 1998)). Thus, the circuit court's decision denying Malone re-sentencing did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Consequently, Malone is not entitled to habeas corpus relief on his equal protection claim.

Eighth Amendment

Malone also seems to argue that his Eighth Amendment right to be free from cruel and unusual punishment was violated when the state court refused to re-sentence him under TIS-II. (Pet'r's Br. at 10; Pet. at 7.)

It is true that a criminal sentence may violate the Eighth Amendment if it is grossly disproportionate to the crime for which the defendant has been convicted. *Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000) (citing *Solem v. Helm*, 463 U.S. 277, 290-92 (1983)). However, with respect to "'non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion.'" *Page*, 223 F.3d at 482 (quoting *United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992)).

Turning to the facts of this case, Malone's sentence is "within legislatively prescribed limits," and Malone has not shown that the sentencing judge abused his discretion. Indeed, Malone's cumulative sentence for *all four* of his convictions is well "within [the] legislatively prescribed limits" for a *single count* of armed robbery, that is, sixty (60) years. Wis. Stat. §§ 943.32(2), 939.50(2) (2001).

9

Malone seems to believe that, if re-sentenced, he would receive a shorter sentence. To reiterate, the total length of the sentence that Malone received for his three (3) armed robbery convictions and the false imprisonment conviction is thirty (30) years (13 years confinement and 17 years extended supervision). Under TIS-I, a single armed robbery conviction allows for a sentence not to exceed sixty (60) years. *See* Wis. Stat. §§ 943.32(2), 939.50(2) (2001). Under TIS-II, a single armed robbery conviction allows for a sentence not to exceed forty (40) years. *See* Wis. Stat. §§ 943.32(2), 939.50(2) (2005). Accordingly, not only is Malone's sentence "within [the] legislatively prescribed limits" under TIS-I, it is also "within [the] legislatively prescribed limits" of TIS-II. Thus, it is unclear what benefit Malone would receive from re-sentencing under TIS-II, as his sentence comports with the maximum confinement under TIS-II. Although Malone seems to believe that, if re-sentenced, he would receive a shorter sentence, in fact, if re-sentenced, Malone could potentially receive a term of up to forty (40) years for each count of armed robbery. *See* Wis. Stat. §§ 943.32(2), 939.50(2) (2005).

Malone was convicted of a crime beyond a reasonable doubt and validly sentenced under the law that was applicable at the time of his sentencing. Thus, the state court's decision denying Malone's motion to be re-sentenced did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Consequently, Malone is not entitled to habeas corpus relief on his Eighth Amendment claim.

<u>Rule of Lenity</u>

Lastly, Malone argues that the "rule of lenity" should apply in his case. (Pet'r's Br. at 8.) It is well established that ambiguity in a criminal statute "should be resolved in favor of lenity." *United*

*States v. Ranum*, 96 F.3d 1020, 1030 (7th Cir. 1996). However, the rule of lenity does not apply unless there is "grievous ambiguity or uncertainty in the language and structure" of the statute. *Id.* (internal quotations omitted). And, the statutes at issue here are not ambiguous. Malone was convicted of armed robbery, a Class B felony, and false imprisonment, a Class E felony. *See* Wis. Stat. §§ 943.32(2), 940.30 (2001). Malone was sentenced under statutes which clearly and unambiguously provided that the penalty for armed robbery was imprisonment not to exceed sixty (60) years and the penalty for false imprisonment was a fine not to exceed $10,000 or imprisonment not to exceed five (5) years, or both. *See* Wis. Stat. §§ 939.50(3)(b), 939.50(3)(e) (2001). The fact that these maximum penalties were subsequently altered with the passage of TIS-II does not render the statutes ambiguous. Nor are the new statutes ambiguous – armed robbery is now a Class C felony punishable with a fine not to exceed $100,000, or imprisonment not to exceed forty (40) years, or both; false imprisonment is a Class H felony punishable with a fine not to exceed $10,000, or imprisonment not to exceed six (6) years, or both. *See* Wis. Stat. §§ 943.32(2), 940.30, 939.50(3)(c), 939.50(3)(h) (2005). Accordingly, because there is no ambiguity in the statutes under which Malone was sentenced, the rule of lenity does not apply. *Ranum*, 96 F.3d at 1030.

### IV. CONCLUSION AND ORDER

In sum, the court finds that the state court's decision denying Malone's motion to be re-sentenced was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Consequently, Malone has failed to demonstrate entitlement to federal habeas relief from his state court conviction and his petition for a writ of habeas corpus therefore will be denied.

**NOW THEREFORE IT IS ORDERED** that Malone's petition for a writ of habeas corpus be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**SO ORDERED** this 11th day of July 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

12